# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50686
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jason Grams,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:98-CR-130-1

---

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jason Grams, federal prisoner # 88506-080, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Grams contends that the district court failed to address all the arguments he raised in his compassionate release motion, including his invocation of U.S.S.G. § 1B1.13(b)(6), which he asserts allows for the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

consideration of the non-retroactive change to 18 U.S.C. § 924(c)'s stacking provision as an extraordinary and compelling reason. Grams also contends that the district court failed to consider his youthful age at the time he committed the offenses, the fact that he has served 26 years of his 45-year sentence, and the need to avoid unwarranted sentencing disparities between prisoners like himself and those sentenced under the First Step Act of 2018.

The district court conducted an independent review of the 18 U.S.C. § 3553(a) factors and concluded that Grams was not entitled to relief. Specifically, the district court noted the seriousness of Grams's offenses—which involved "repeated violent carjackings, including forcing a mother and two children from a car, and shooting at and injuring" a teenage victim who avoided having his vehicle stolen—as well as his "extensive disciplinary record" while incarcerated. The district court concluded that reducing Grams's 540-month sentence would "not adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, or adequately deter criminal conduct." *See* 18 U.S.C. § 3553(a)(1), (a)(2). Grams's disagreement with the district court's balancing of the § 3553(a) factors is insufficient to show an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Moreover, because the district court denied compassionate release based on its consideration of the applicable § 3553(a) factors, it was not required to consider Grams's arguments in support of extraordinary and compelling reasons. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *United States v. Ward*, 11 F.4th 354, 360 (5th Cir. 2021). Grams's argument that the district court abused its discretion in denying his compassionate release motion without a response from the Government is unavailing. *See* 18 U.S.C. § 3582(c)(1)(A); *Ward*, 11 F.4th at 361.

AFFIRMED.